NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 23-7173

# In the United States Court of Appeals for the District of Columbia Circuit

DAVID O'CONNELL,
*Plaintiff - Appellee*

v.

UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,
*Defendant - Appellant*

*On Appeal from the United States District Court for the District of Columbia (No. 20-cv-1365) (Cobb, J.)*

**DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO REPLY IN SUPPORT OF JURISDICTIONAL STATEMENT**

KEVIN T. BAINE
EMMET T. FLOOD
  *Counsel of Record*
MARK S. STORSLEE
WILLIAMS & CONNOLLY LLP
  680 Maine Avenue, S.W.
  Washington, D.C. 20024
  (202) 434-5000
  eflood@wc.com

# MOTION

Defendant-Appellant United States Conference of Catholic Bishops ("USCCB") respectfully requests that this Court grant leave to file a reply brief in support of jurisdiction within 21 days of its order on this motion. In support, USCCB states as follows:

1. Plaintiff-Appellee David O'Connell admits his claims involve religious communications made from the pulpit about religious giving to, and religious spending by, the Holy See. Resp. 1-2. And O'Connell does not deny that his Complaint seeks discovery at every level of the ecclesiastical hierarchy, from the local parish to Rome itself. O'Connell identifies no federal court that has ever undertaken such pervasive entanglement into the religious governance, doctrine, and polity of the Catholic Church. At a minimum, then, his claims present novel and complex First Amendment issues requiring careful consideration. USCCB Br. at 13-20; *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 727-28 (1871) (protections for religious autonomy "lie[] at the foundation of our political principles" regarding "the relations of church and state"); *Fowler v. State of R.I.*, 345 U.S. 67, 70 (1953) (it is not "in the competence of courts under our constitutional scheme to … regulate … or in any manner control sermons delivered at religious meetings.").

2. Accordingly, when the district court orally denied USCCB's First Amendment defenses, USCCB filed this appeal on December 22, 2023, and on January 22, 2024, filed its memorandum explaining that this Court has jurisdiction over the appeal.

3. On February 15, O'Connell moved for leave to file a response within 21 days of his motion being granted. USCCB did not oppose the request and this Court granted leave on February 28, 2024. O'Connell filed his response on March 20, 2024.

4. O'Connell's response raises several matters that would benefit from clarification or correction. For instance, he does not dispute that his claims will require intrusive discovery into church communications, finances, and polity, and that this Court has recognized such discovery can violate the First Amendment. USCCB Br. 15-21. Further, O'Connell cites no cases like his, and conspicuously fails to mention that the merits opinion of the closest comparator was recently vacated and set for en banc rehearing. *See Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 76 F.4th 962 (9th Cir. 2023), *reh'g en banc granted, opinion vacated sub nom.*, 94 F.4th 781 (9th Cir. 2024). And while O'Connell warns that hearing USCCB's appeal will open floodgates, Resp. 15-17, he (correctly) does not argue that this Court has been deluged by allowing interlocutory appeal of other First Amendment rights, or that D.C.

courts have been in the three decades since *United Methodist Church v. White*, 571 A.2d 790 (D.C. 1990).

5. Accordingly, unless this Court plans to order the parties to proceed to merits briefing and argument to allow full consideration of the issues, USCCB respectfully requests leave to file a reply to O'Connell's response.[1]

For the foregoing reasons, USCCB respectfully requests leave to file a reply brief within 21 days of the Court's order on this motion.

Respectfully submitted,

/s/Emmet T. Flood
KEVIN T. BAINE
EMMET T. FLOOD
  *Counsel of Record*
MARK S. STORSLEE
WILLIAMS & CONNOLLY LLP
  680 Maine Avenue, S.W.
  Washington, D.C. 20024
  (202) 434-5000
  eflood@wc.com

March 28, 2024

---

[1] *See, e.g.*, *Abdelhady v. George Washington Univ.*, No. 22-7148 (D.C. Cir. Feb. 21, 2023) (order referring jurisdictional questions to merits panel); *accord Belya v. Kapral*, No. 21-1498 (2d Cir. Nov. 3, 2021), ECF 138 (same); *Tucker v. Faith Bible Chapel Int'l*, No. 20-1230 (10th Cir. July 16, 2020) (same).

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) and Circuit Rule 27(a)(2) because it has 555 words.

2. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5), (6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

/s/ *Emmet T. Flood*
EMMET T. FLOOD

## CERTIFICATE OF SERVICE

I certify that on March 28, 2024, a copy of the foregoing was filed with the Clerk of the Court's electronic filing system, which is designed to serve all counsel of record.

*/s/ Emmet T. Flood*
EMMET T. FLOOD
