No. 23-7173
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

DAVID O'CONNELL,
*Plaintiff - Appellee*

v.

UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,
*Defendant - Appellant*
_____

*On Appeal from the United States District Court for the District of Columbia,
Case No. 1:20-cv-01365-JMC
Honorable Jia M. Cobb, United States District Judge*
_____

# PLAINTIFF-APPELLEE'S RESPONSE TO
# DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO REPLY
# IN SUPPORT OF JURISDICTIONAL STATEMENT
_____

Gabriel Doble (Bar No. 65055)
Simon Franzini (Bar No. 65081)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066
gabe@dovel.com
simon@dovel.com

Martin Woodward
martin@kitnerwoodward.com
KITNER WOODWARD PLLC
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: (214) 443-4300
Facsimile: (214) 443-4304

*Counsel for Plaintiff-Appellee
David O'Connell*

Plaintiff does not oppose the filing of a reply brief by the United States Conference of Catholic Bishops ("USCCB") if the Court feels that such a reply is necessary to decide the jurisdictional issue with confidence at this stage.[1] However, as explained below, the reply USCCB intends to file would not be helpful to the Court's resolution of the jurisdictional issue. USCCB's motion also repeatedly mischaracterizes Plaintiff's position. For these reasons, rather than allowing USCCB to continue to delay proceedings in the district court, the best course would be to deny USCCB's motion and dismiss the appeal for lack of jurisdiction.

USCCB's motion, like its jurisdictional statement, focuses heavily on the merits of its church autonomy defense. Mot. 1-2 (mischaracterizing Plaintiff's position on the merits and discussing a "merits opinion" from the Ninth Circuit). But the question currently before the Court is not whether USCCB's church

---

[1] The Court should decide the jurisdictional issue at this stage, rather than deferring the issue until full briefing and argument on the merits. Both parties have filed papers addressing the jurisdictional issue. And the Court also has the benefit of three other circuit decisions on the same issue. *Belya v. Kapral*, 45 F.4th 621 (2d Cir. 2022), *reh'g en banc denied*, 59 F.4th 570 (2d Cir. 2023), *cert. denied*, 143 S. Ct. 2609; *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021 (10th Cir. 2022), *reh'g en banc denied*, 53 F.4th 620 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 2608; *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085 (7th Cir. 2014). The Court therefore has sufficient analysis from the parties and its sister circuits to decide the jurisdictional issue at this stage. Deferring the jurisdictional decision to the merits panel would only allow USCCB's meritless appeal to continue holding up proceedings in the district court, where this case has already been pending for over four years. As the Supreme Court has recognized, allowing meritless interlocutory appeals to proceed to full merits briefing and argument causes "damage to the efficient and congressionally mandated allocation of judicial responsibility," and facilitates an appellant's "improper purpose" of "saddling its opponent with cost and delay." *Dig. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 873 (1994).

autonomy defense has merit.[2] Before USCCB gets to litigate the merits of its church autonomy defense in this Court, it must establish this Court's jurisdiction over its interlocutory appeal. And that question turns not on the merits of USCCB's defense, but rather on whether the entire category of orders denying motions to dismiss based on a church autonomy defense is immediately appealable under the collateral order doctrine. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107 (2009) ("[W]e do not engage in an 'individualized jurisdictional inquiry.' Rather, our focus is on 'the entire category to which a claim belongs.'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978) and *Dig. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994)).

USCCB's motion fails to address the points in Plaintiff's response that are dispositive of this jurisdictional question: orders denying motions to dismiss based on a church autonomy defense are neither conclusive nor effectively unreviewable after final judgment. Nor does USCCB purport to address the holdings from the Second, Seventh, and Tenth Circuits that refuse to expand the collateral order doctrine to encompass such orders, or the other circuit and Supreme Court cases that undermine USCCB's jurisdictional arguments. For these reasons, USCCB's contemplated reply would be of little help in resolving the threshold jurisdictional question.

Moreover, USCCB's characterizations of Plaintiff's position on the merits are patently false. USCCB asserts that Plaintiff "admits his claims involve religious communications made from the pulpit about religious giving to, and religious spending by, the Holy See." Mot. 1. This is false. As explained in Plaintiff's response to USCCB's jurisdictional statement, Plaintiff's lawsuit involves communications soliciting donations and describing how the collected

---

[2] It does not, as held by the district court and explained in Plaintiff's response to USCCB's jurisdictional statement. Resp. 1-3, 16-17.

2

funds will be used.  This does not come close to an admission that that these solicitations of donations are "religious communications."  In fact, Plaintiff's response explains why such communications are *not* religious, because "[d]etermining what [they] mean[] is not a question 'that may only be answered by reference to religious … faith, doctrine, and administration' (Br. 19).  It is a question of interpreting the ordinary meaning of words in the English language."  Resp. 16.

Similarly, USCCB is wrong that Plaintiff "does not dispute that his claims will require intrusive discovery into church communications, finances, and polity, and that this Court has recognized such discovery can violate the First Amendment."  Mot. 2.  To the contrary, Plaintiff's response demonstrates that USCCB's claims of intrusion into religious affairs are unfounded.  Resp. 16.  And it describes how then-Judge Jackson and Judge Cobb both observed that Plaintiff's claims could be resolved through neutral principles of law, without improperly delving into religious questions.  Resp. 2-3.

USCCB's contemplated reply is therefore doubly problematic.  It improperly focuses on the merits, rather than the jurisdictional issue before the Court; and it distorts the merits.  While Plaintiff does not oppose the filing of a reply if the Court would find it helpful, this reply would not be helpful.  The best course is to deny USCCB's motion, dismiss the appeal for lack of jurisdiction, and allow this case to finally move forward in the district court.

Dated: April 3, 2024                Respectfully submitted,

By: /s/ *Gabriel Doble*
Gabriel Doble (Bar No. 65055)
Simon Franzini (Bar No. 65081)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066
gabe@dovel.com
simon@dovel.com

Martin Woodward
martin@kitnerwoodward.com
KITNER WOODWARD PLLC
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: (214) 443-4300
Facsimile: (214) 443-4304

*Counsel for Plaintiff-Appellee David O'Connell*

# **CERTIFICATE OF COMPLIANCE**

     1.    This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and Circuit Rule 27(a)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 904 words.

     2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                                                  */s/Gabriel Doble*
                                                                   Gabriel Doble

## CERTIFICATE OF SERVICE

    I hereby certify that on April 3, 2024 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/Gabriel Doble*
                                                Gabriel Doble